UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JENNICA COMBER,<br><br>    Plaintiff,<br><br>v.<br><br>PARAMOUNT MACHINE, INC.; STEVEN VAN ORDEN; STEVEN BAKKE,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:24-cv-00959-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

Before the Court is a Motion to Dismiss filed by Defendants Paramount Machine, Inc. ("Paramount"), Steven Van Orden, and Steven Bakke.[1] For the reasons below, the Court grants Defendant's Motion, dismissing all claims against Defendants Van Orden and Bakke and the claims for negligent supervision, negligent retention, and constructive discharge against Defendant Paramount. Plaintiff's claims for sexual harassment and for gender-based discrimination and hostile work environment in violation of Title VII against Defendant Paramount remain.

## BACKGROUND

Plaintiff Jennica Comber was an employee of Defendant Paramount,[2] a corporation in Salt Lake City, Utah.[3] Defendant Steven Van Orden was the corporation's president and owner.[4]

---

[1] ECF No. 22.

[2] ECF No. 1 ¶ 2. For purposes of this Motion, the Court will treat the facts alleged in the Complaint as true.

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 5.

Defendant Steven Bakke was a project manager at Paramount and Ms. Comber's immediate supervisor.[5]

On February 25, 2024, Mr. Bakke sent Ms. Comber's coworker, Devin Gray, her personal cell phone number.[6] That same morning, Mr. Gray called Ms. Comber[7] and barraged her with sexually explicit and disturbing statements in an attempt to convince Ms. Comber to fly to Austin, Texas with him and fulfill his sexual fantasies.[8] The call ended with Mr. Gray asking Ms. Comber to text him her address so that he could pick her up.[9] She did not give him this information.[10] Instead, Ms. Comber called Mr. Bakke and then the police to report the situation.[11] She later learned that Mr. Gray's wife had also called the police for assistance because Mr. Gray was experiencing a manic episode.[12] Police had gone to Mr. Gray's residence and collected his firearms, and Mr. Gray was hospitalized.[13]

That afternoon, Ms. Comber received a text from Mr. Bakke informing her that he had given her number to Mr. Gray.[14] She asserts that in subsequent calls, Mr. Bakke and Mr. Van Orden showed only sympathy for Mr. Gray and his family.[15] Ms. Comber expressed that she felt unsafe going to work as long as Mr. Gray was employed and requested to file a sexual harassment

---

[5] *Id.* ¶ 4.
[6] *Id.* ¶ 23.
[7] *Id.* ¶ 25.
[8] *Id.* ¶ 26.
[9] *Id.*
[10] *Id.* ¶ 27.
[11] *Id.* ¶¶ 30, 32.
[12] *Id.* ¶¶ 38–39, 43–44.
[13] *Id.* ¶¶ 40, 42.
[14] *Id.* ¶ 37.
[15] *Id.* ¶¶ 30, 49.

complaint with Paramount.[16] Mr. Van Orden told Ms. Comber that he did not consider the incident sexual harassment and that Paramount did not have a formal reporting process or traditional human resources department.[17] Mr. Van Orden explained that he was using an outside human resources representative and legal professional to respond to the sexual harassment concerns and that he needed to do some research.[18] Ms. Comber also learned at some point that two days before Mr. Gray's call to Ms. Comber, another coworker had experienced a disturbing interaction with Mr. Gray due to his suffering a manic episode.[19] That coworker reported the incident to Mr. Van Orden, but Paramount took no action.[20]

Ms. Comber went on paid leave from February 26, 2024 through March 8, 2024.[21] Her employment "was terminated on March 15, 2024."[22] Ms. Comber is not aware of any sexual harassment investigation into her claim, she was not asked what could be done to help her feel safe enough to return to work, and no measures were taken to help her feel safe.[23] She also received no resources to assist her in navigating the incident.[24] She believes that Mr. Gray remains employed at Paramount and has experienced no disciplinary action.[25]

---

[16] *Id.* ¶¶ 50, 52.

[17] *Id.* ¶¶ 50–51.

[18] *Id.* ¶ 50.

[19] *Id.* ¶¶ 19–20.

[20] *Id.* ¶¶ 20–21.

[21] *Id.* ¶ 55.

[22] *Id.* ¶ 56. Ms. Comber later clarifies that she resigned from Paramount.

[23] *Id.* ¶¶ 53–54.

[24] *Id.* ¶ 55.

[25] *Id.* ¶ 57.

On July 2, 2024, Ms. Comber filed a Charge of Discrimination with the Utah Anti-Discrimination and Labor Division and Equal Employment Opportunity Commission.[26] She received a Determination and Notice of Rights, including Notice of the Right to Sue, on September 30, 2024.[27]

On December 22, 2024, Ms. Comber brought this suit, alleging claims for sexual harassment, gender-based discrimination and hostile work environment, negligent supervision, negligent retention, and constructive discharge.[28] Defendants filed their Motion to Dismiss on January 29, 2025, seeking dismissal of all claims against Mr. Van Orden and Mr. Bakke, as well as dismissal of the claims for negligent supervision, negligent retention, and constructive discharge against Paramount.[29] Plaintiff filed her response on March 31, 2025,[30] and Defendants' reply was filed on April 28, 2025.[31]

## **DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal if the plaintiff's complaint fails to "state a claim upon which relief can be granted." In construing a plaintiff's complaint, the Court will assume the truth of any well-pleaded facts and draw all reasonable inferences in the light most favorable to the plaintiff.[32] To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to

---

[26] *Id.* ¶ 8; ECF No. 1-1, Ex. A.

[27] ECF No. 1 ¶ 9; ECF No. 1-2, Ex. B.

[28] ECF No. 1.

[29] ECF No. 22.

[30] ECF No. 28.

[31] ECF No. 34.

[32] *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).

relief that is plausible on its face.'"[33] With this standard in mind, the Court turns to Defendants' arguments.

**1. The claims against Defendants Steven Van Orden and Steven Bakke must be dismissed because neither Title VII nor negligent supervision and retention claims may be brought against individuals in their personal capacities**

Defendants Steven Van Orden and Steven Bakke challenge all claims against them because Title VII and negligent supervision and retention claims cannot proceed as individual capacity suits. Ms. Comber does not dispute these arguments.

Title VII "statutory liability is appropriately borne by employers, not individual supervisors."[34] Thus, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."[35] When a plaintiff names both the employer and employees in their official capacities, the "claims under Title VII against individuals may be dismissed as redundant."[36] Similarly, negligent supervision and retention claims require that a plaintiff prove the *employer's* negligence in supervising or retaining its employees,[37] and thus these claims should be directed against the employer.

---

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[34] *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

[35] *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993).

[36] *Liender v. L3Harris Techs., Inc.*, No. 2:22-cv-00081-CMR, 2024 WL 1347352, at *4 (D. Utah Mar. 30, 2024) (citing *McKinney v. Right At Home In-Home Care & Assistance [RAH]*, No. 2:20-cv-00472-JCB, 2020 WL 721250, at *4 (D. Utah Dec. 7, 2020)).

[37] *See Retherford v. AT&T Comms.*, 844 P.2d 949, 967 (Utah 1992) ("[T]o prevail on her claim of negligent employment, Retherford must prove that [her employer's] negligence in hiring, supervising, or retaining its employees proximately caused her harm.").

Ms. Comber does not allege that Mr. Van Orden or Mr. Bakke personally employed her. As such, they, in their personal capacities, are not the appropriate defendants for her claims. Moreover, it does not appear from Ms. Comber's Complaint that she names Mr. Van Orden and Mr. Bakke in official capacities as agents of Paramount, but even if she had done so, her naming the employer directly as well would render the claims against the individuals redundant. Therefore, the Court will consider Paramount the sole defendant for this suit, and all of Plaintiff's claims against Mr. Van Orden and Mr. Bakke must be dismissed with prejudice.

**2. The claim for constructive discharge must be dismissed because Ms. Comber did not exhaust her administrative remedies with respect to that claim**

Defendants contend that Ms. Comber did not exhaust her administrative remedies as to her constructive discharge claim because the claim was not alleged in her Charge of Discrimination. The parties agree that the charge does not contain the term "constructive discharge." Ms. Comber argues, however, that the facts in the charge should be liberally construed and that those facts sufficiently give rise to a reasonable inference that the charge includes a constructive discharge claim.

As a threshold matter, the Tenth Circuit has held that failure to exhaust is an affirmative defense rather than a jurisdictional bar.[38] Such an affirmative defense "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint."[39] However, "when a defendant's motion to dismiss raises an affirmative defense that is not apparent on the

---

[38] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("[T]he full court now holds that a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim.").

[39] *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (unpublished).

face of the pleadings and outside matter is presented and accepted, federal courts will generally treat the motion as if it were one for summary judgment."[40]

The Court is not required to convert the instant motion to dismiss into a motion for summary judgment because Plaintiff attached the Charge of Discrimination as an exhibit to her Complaint.[41] When determining a Rule 12(b)(6) motion, "courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."[42]

Moving, then, to the substance of the issue, there are two primary purposes underlying the requirement that a plaintiff exhaust her administrative remedies: "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance."[43] "To advance these purposes, after a plaintiff receives a notice of her right to sue from the EEOC, that plaintiff's claim in court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"[44] To that end, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim."[45]

"[A] claim of constructive discharge requires filing an administrative charge."[46] In stating a claim for constructive discharge, Ms. Comber must allege facts showing that she was

---

[40] *Id*.

[41] *See* ECF No. 1-1, Ex. A.

[42] *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted).

[43] *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (2018).

[44] *Id*. (quoting *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

[45] *Id*. (citation modified).

[46] *Chapman v. Carmike Cinemas*, 307 F. Appx. 164, 174 (10th Cir. 2009) (unpublished).

"discriminated against by [her] employer to the point where a reasonable person in [her] position would have felt compelled to resign," and that she actually resigned.[47] "When an employee resigns in the face of such circumstances, Title VII treats that resignation as tantamount to an actual discharge."[48]

Here, Ms. Comber filed an administrative charge based on sex discrimination in which she indicated that she had been subjected to discrimination for being a woman, as well as to sexual harassment.[49] She alleged that Mr. Bakke gave her cell phone number to Mr. Gray, who then called her and made inappropriate sexual advances toward her.[50] She further alleged that she spoke with Mr. Van Orden several times about wanting to submit a formal sexual harassment complaint; however, she was told that it wasn't considered sexual harassment, that there were no policies or procedures for reporting sexual harassment, and that the incident was not being investigated as sexual harassment.[51] She then stated that her employment "was terminated on March 15, 2024."[52]

Even liberally construing the allegations in Ms. Comber's Charge of Discrimination,[53] the facts do not sufficiently give rise to a constructive discharge claim such that it could reasonably be inferred that the claim was included in the charge. Although it is understandable that an individual would feel unsafe in Ms. Comber's situation at work, there are insufficient facts regarding the circumstances of her termination. From the charge alone, it is unclear whether Ms. Comber

---

[47] *Green v. Brennan*, 578 U.S. 547, 555 (2016) (citation omitted).

[48] *Id.*

[49] ECF No. 1-1, Ex. A.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *See Smith*, 904 F.3d at 1164 ("[W]e 'liberally construe' the plaintiff's allegations in the EEOC charge . . .").

returned to work or not after the incident with Mr. Gray, and it is unclear whether Ms. Comber resigned or was fired from her position. Ms. Comber herself illustrates this deficiency by arguing that the term "termination" is ambiguous and that rather than assuming Ms. Comber was fired, "[i]t can equally be assumed without factual basis that [Ms.] Comber resigned."[54] The Court, when faced with insufficient facts, cannot simply toss a coin and make an assumption one way or the other. As it stands, Ms. Comber did not clearly set forth a constructive discharge claim in her charge of discrimination, and she has thus failed to exhaust her administrative remedies with respect to this claim. Therefore, without considering the timeliness of any subsequent charges Ms. Comber may file, the Court will dismiss without prejudice Ms. Comber's claim for constructive discharge against Paramount.[55]

### 3. Ms. Comber's claims for negligent supervision and retention must be dismissed as they are barred by the UADA or, in the alternative, the UWCA

Defendants challenge Ms. Comber's negligent supervision and retention claims as being preempted by the Utah Anti-Discrimination Act ("UADA") and the Utah Worker's Compensation Act ("UWCA"). The Court will address each in turn.

#### Ms. Comber's negligence claims are barred by the UADA

The UADA "provides an administrative remedy for discrimination, retaliation, or harassment by an employer on the basis of" a protected class characteristic.[56] This administrative remedy "preempt[s] all common law remedies for employment discrimination."[57] To determine whether the UADA preempts a state law cause of action in an employment discrimination case,

---

[54] ECF No. 28 at 4.

[55] *Gallagher v. Shelton*, 587, F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice.").

[56] *Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 2, 61 P.3d 989.

[57] *Id*. ¶ 9.

the Utah Supreme Court promulgated a two-part "indispensable element" test.[58] First, the Court must determine "what injuries the UADA is designed to address,"[59] which have been established as "all manner of employment discrimination against any member of the specified protected groups"[60]—the legislature's intent on the subject was to "completely blanket the field of employment law in Utah."[61] Second, the Court must determine whether "employment discrimination . . . supplies an indispensable element of any of [the plaintiff's] causes of action."[62] State law tort claims are not preempted if "discrimination is not an indispensable element of [the] claim[]."[63] The guiding principle in employing this test is that the UADA should be analyzed by "the nature of the injury for which [the] plaintiff makes [the] claim, not the nature of the defendant's act which the plaintiff alleges to have been responsible for that injury."[64]

"To recover under a theory of negligent hiring, supervision, or retention, a plaintiff must show that the defendant had a duty to protect [the plaintiff] from harm *at the hands of its employees*, a negligent breach of that duty, and the harm and damages caused by that breach."[65] Here, Ms. Comber alleges that Paramount had a duty to supervise Mr. Gray and to provide for Ms. Comber's safety given notice of his mental instability.[66] She alleges that it breached that duty by failing to supervise Mr. Gray, giving her personal cell phone number to him, and taking no precautions when

---

[58] *Retherford*, 844 P.2d at 964–67.

[59] *Id.* at 965.

[60] *Id.* at 966.

[61] *Gottling*, 2002 UT 95, ¶ 12.

[62] *Retherford*, 844 P.2d at 966.

[63] *Id.*

[64] *Id*. at 965 (alterations in original).

[65] *Castellanos v. Tommy John, LLC*, 2014 UT App 48, ¶ 42, 321 P.3d 218 (citation modified) (quoting *J.H. v. West Valley City*, 840 P.2d 115, 124 (Utah 1992)).

[66] ECF No. 1 ¶¶ 91–95.

he returned to work.[67] Further, she alleges that due to Paramount's actions, Mr. Gray inflicted harm upon her by subjecting her to severe sexual harassment[68] from which she suffered emotional damages.[69]

Ms. Comber must prove the harm that was inflicted upon her, and she specifically alleges that the harm she suffered was sexual harassment. Sexual harassment, a form of employment discrimination, is thus an indispensable element of Ms. Comber's negligence claims such that the UADA bars those claims. Ms. Comber attempts to get around this issue by arguing that she need not necessarily prove sexual harassment for this claim because she was also injured in that she was afraid for her physical safety and forced to take leave from work. But this fear and her taking leave from work are inextricably tied to the allegations of Mr. Gray's sexual harassment. In this way, her negligence claims are grounded on allegations and injuries of discrimination and harassment based on gender, and they are therefore preempted by the UADA. Accordingly, the Court must dismiss with prejudice Ms. Comber's claims for negligent supervision and negligent retention.

**Alternatively, if gender discrimination and harassment are not indispensable elements of Ms. Comber's negligence claims, the claims are barred by the UWCA**

"The UWCA creates an exclusive administrative scheme that offers workers a simple, adequate, and speedy forum for remedying certain workplace injuries while also protecting employers from disruptive or vexatious lawsuits for alleged negligence."[70] The UWCA is the exclusive remedy for all actions against an employer for injuries sustained in relation to work.[71] A

---

[67] *Id.* at ¶ 90.

[68] *Id*. at ¶¶ 96, 105.

[69] *Id.* at ¶¶ 99, 108.

[70] *Billy v. Edge Homes*, No. 2:19-cv-00058-JNP-EJF, 2020 WL 2572522, at *3 (D. Utah, May 21, 2020) (citation omitted and modified).

[71] Utah Code Ann. § 34A-2-105(1).

cause of action is preempted where "proof of physical or mental injury is an indispensable element of any claim for relief[.]"[72]

Ms. Comber argues that (1) her injuries fall into an exempted "mental stress" category, and (2) that she also suffered loss of employment, which is not a physical or mental injury. First, to qualify for the mental stress claim exemption, Ms. Comber must plead that her injuries are based in discrimination, harassment, or unfair labor practices.[73] But Ms. Comber denies that this is true in her briefing for UADA purposes.[74] This means that Ms. Comber would admit that her "mental stress" is directly tied to the discrimination or harassment claims under the UWCA but not for purposes of the UADA. Ms. Comber may not have it both ways—either the claims sound in discrimination and harassment or they do not, but each are preempted by either the UADA or UWCA.

Second, Ms. Comber alleges in her Complaint that she "was forced to take leave from work and ultimately lost her employment position."[75] However, the reason for her taking leave and losing her position is bound to her mental injuries. She would need to prove her mental injuries to justify her leave and position loss. Therefore, her negligence claims are preempted by the UWCA.

---

[72] *Thomas v. Nat'l Semiconductor, Inc.*, 827 F. Supp. 1550, 1552 (D. Utah 1993); *see also Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1057 (Utah 1991) (holding the same); *see also* Utah Code 34A-2-402(1) ("Physical, mental, or emotional injuries related to mental stress arising out of and in the course of employment shall be compensable . . .").

[73] Utah Code Ann. § 34A-2-402(5).

[74] ECF No. 28 at 8–9 ("although the harassing conduct overlaps with some of the actions covered by the UADA, the legal injury here is distinct . . . The legal injury with respect to the negligent retention claim is even more remote from the harms of discriminatory and gender-based harassment that the UADA is designed to address.").

[75] ECF No. 1 ¶ 105(d). She also alleges that she suffered "physical ailments, damage to her professional reputation, limited job prospects, loss of enjoyment of life, and other economic and non-economic damages." *Id.* at ¶ 113.

Furthermore, Ms. Comber requests "leave to elucidate that her negligence allegations are mental stress claims and therefore, are not covered under the UWCA."[76] But such an exercise would be futile because if she clarifies that her injuries relate to discrimination or harassment, she will inevitably trigger the UADA's preemption. Thus, Ms. Comber's claims for negligent supervision and retention may not be modified to avoid dismissal, and the Court will dismiss those claims with prejudice.

## ORDER

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 22). All claims are DISMISSED against Defendants Van Orden and Bakke WITH PREJUDICE. The claims for negligent supervision and negligent retention against Defendant Paramount are DISMISSED WITH PREJUDICE. The claim for constructive discharge against Defendant Paramount is DISMISSED WITHOUT PREJUDICE.

DATED this 5th day of September 2025.    BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge

---

[76] ECF No. 28 at 15.